UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80746-MC-UNA/BER

In re:

EXTRADITION OF LUCUAS CARVALHO ROLLO

_____/

## **ORDER**

Defendant was arrested on April 30, 2020, based upon an extradition request by the Government of Brazil.  ECF No. 3.  He appeared before me by video teleconference the next morning. ECF No. 9.  At that time, I appointed the Federal Public Defender as his counsel.  I also advised him that he could seek release on bond and that he was entitled to a hearing at which he could challenge his extradition.  *Id.*  A hearing was scheduled for May 8, 2020, to address any request for bond and for a status report on whether the Defendant wanted an extradition hearing. *Id.*

Before the Court is Defendant's request, communicated by email from his counsel to the Court's staff, to be physically present at the May 8 bond hearing.  In light of the current COVID-19 health situation, I find that the interests of justice do not allow me to conduct an in-person hearing with the Defendant at this time.

I begin with several relevant legal principles.  First, an extradition hearing is not a criminal proceeding.  As the Eleventh Circuit has explained:

> The singular nature of extradition proceedings largely determines and explains the scope of a defendant's due process rights. Extradition is an executive, not a judicial, function. The power to extradite derives from the President's power to conduct foreign affairs. An extradition proceeding is not an ordinary Article III case or controversy. It clearly is not a criminal proceeding.  Rather, the judiciary serves an independent review function delegated to it by the Executive and defined by statute.

> The inquiry conducted by an "extradition magistrate" is limited. The extradition magistrate conducts a hearing simply to determine whether there is "evidence sufficient to sustain the charge [against the defendant] under the provisions of the proper treaty or convention." If the evidence is sufficient, the extradition magistrate makes a finding of extraditability and certifies the case to the Secretary of State.
>
> . . .
>
> Extradition ultimately remains an Executive function. After the courts have completed their limited inquiry, the Secretary of State conducts an independent review of the case to determine whether to issue a warrant of surrender. The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations which an extradition magistrate may not. The Secretary of State's decision is not generally reviewable by the courts.

*Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 828–29 (11th Cir. 1993) (citations omitted) (brackets in original).

Second, an extradition defendant has an extremely limited right to bond. The Bail Reform Act does not apply. *Matter of Extradition of Ricardo Alberto Martinelli Berrocal,* 263 F. Supp. 3d 1280, 1292 (S.D. Fla. 2017) (J. Torres). An extradition defendant can be released on bond, but only if (1) special circumstances exist and (2) he does not pose a risk of flight or danger to the community. *Id.* at 1304.

Third, an extradition defendant does not receive the same constitutional protections as a criminal defendant. "Constitutional procedural protections which by their terms are applicable only in criminal cases, however, are unavailable in extradition proceedings." *Martin v. Warden, Atlanta Pen,* 993 F.2d 824, 829 (11th Cir. 1993).

Fourth, a defendant has a right to be present at all stages of a *criminal* proceeding. That right derives from three sources: "the Confrontation Clause of the Sixth Amendment, the Due Process Clause of the Fifth Amendment, and Federal Rule of Criminal Procedure 43." *United States v. Novaton,* 271 F.3d 968, 997 (11th Cir. 2001). The Federal Rules of Criminal Procedure

do not apply in extradition proceedings.  Fed. R. Crim. P. 1(a)(5)(A).   Nor does the confrontation clause, which by its terms applies only in "criminal prosecutions."  U.S. Const., Amendment VI.

Our Court has determined that, at least until June 28, 2020, felony pleas and sentencings "cannot be conducted in person without seriously jeopardizing public health and safety." Administrative Order 2020-23 (Mar. 28, 2020).  Conducting an in-person extradition hearing or bond hearing for this Defendant would implicate the same public health and safety concerns.

WHEREFORE, it is ordered that the bond hearing scheduled for May 8, 2020, at 9:00 a.m. is cancelled.  The Court will conduct a status conference at that time, which the Defendant may attend by video teleconference.  The bond hearing will be rescheduled by separate order for a date after June 28, 2020.  If the Defendant desires a bond hearing before then, he may file a motion addressing whether he is entitled to a more expeditious hearing and whether he has a legal right to be present, in person, at such a hearing.

DONE and ORDERED this 6th day of May, 2020, in chambers at West Palm Beach, Florida.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE